Singh v. Holder

BIA
A079 141 286

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9ᵗʰ day of May, two thousand fourteen.

PRESENT:
>    PIERRE N. LEVAL,
>    JOSÉ A. CABRANES,
>    CHRISTOPHER F. DRONEY,
>        *Circuit Judges*.

_____

SUKHWINDER SINGH,
>    *Petitioner*,

>    v.                                            13-1553
>                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent*.

_____

FOR PETITIONER:         Robert B. Jobe, San Francisco, California.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Katherine A. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sukhwinder Singh, a native and citizen of India, seeks review of the April 15, 2013, order of the BIA denying his fifth motion to reopen. *In re Sukhwinder Singh*, No. A079 141 286 (B.I.A. Apr. 15, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case. We review the agency's denial of Singh's motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

An alien may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Singh's 2013 motion was untimely and number barred because he filed four motions to reopen since he was ordered removed in 2003. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation does not apply to a motion to rescind if the alien demonstrates that he did not receive notice of the consequences for failing to appear at his hearing, as stated

2

in 8 U.S.C. § 1229a(b)(5). 8 C.F.R. § 1003.23(b)(4)(ii). The limitations may also be equitably tolled upon a showing of ineffective assistance of counsel. *See Iavorski v. INS*, 232 F.3d 124, 135 (2d Cir. 2000). The BIA reasonably found that neither exception applied here.

Singh first argues that his Notice to Appear misrepresented the consequences of failing to appear because it stated that, in his absence, an *in absentia* removal order "may," rather than "shall," be entered. To the contrary, the NTA was accurate. Failure to appear despite proper notice "shall" result in an *in absentia* removal order, but only if the Government establishes notice and removability. 8 U.S.C. § 1229a(b)(5). Singh also asserts that the Notice was deficient because it failed to mention the procedures for rescinding an *in absentia* order, as set forth in the last three subsections of § 1229a(b)(5). However, the statute requires notice only of the consequences of failing to appear, not the procedure to reverse the resulting order. *See* 8 U.S.C. § 1229a(a)(1)(G)(ii). Accordingly, the BIA did not abuse its discretion in finding that Singh's motion to rescind was untimely. *See* 8 C.F.R. § 1003.23(b)(4)(ii).

The BIA also reasonably declined to equitably toll the time limitation imposed on Singh's motion. To establish

3

ineffective assistance of counsel, a movant must establish that the alleged ineffective assistance occurred within the scope of an existing attorney-client relationship and that he exercised due diligence in pursuing his claim. *See Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008); *Piranej v. Mukasey*, 516 F.3d 137, 144-45 (2d Cir. 2008). Contrary to Singh's contention that his former counsel represented him throughout his proceedings, the BIA reasonably found that their relationship encompassed only the filing of Singh's first motion to reopen and the appeal from the denial of that motion.

Even assuming, as the BIA did, that his former counsel provided ineffective assistance, the BIA reasonably found that Singh should have discovered the lack of notice in 2003, when he was ordered removed *in absentia*. The purported issue also became apparent in 2005, when the BIA denied his second motion to reopen. Given Singh's delay between discovering his attorney's ineffective assistance and filing his motion to reopen, the BIA reasonably found that he failed to exercise due diligence in pursuing his claim. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) ("A petitioner who waits two years or longer to take steps to reopen a proceedings ha[d] failed to demonstrate

4

due diligence.").  The BIA therefore did not abuse its discretion in declining to equitably toll the motion and denying it as untimely.  *See Rashid*, 533 F.3d at 131.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk